# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| DON BAKER | CIVIL ACTION NO. 3:14-cv-0138 |
| VS. | SECTION P |
| | JUDGE DONALD E. WALTER |
| CLIFFORD ROYCE STRIDER, III, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff Don Baker filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 28, 2014. Plaintiff is a detainee in the Lincoln Parish Jail awaiting trial on felony charges pending in the Third Judicial District Court. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Statement of the Case*

On January 28, 2014, the Clerk of Court received a letter from the plaintiff addressed to United States District Judge Tom Stagg. Therein plaintiff requested assistance. He claimed to be a pre-trial detainee in the Jackson Parish Corrections Center awaiting trial on charges of simple arson lodged in the Third Judicial District Court, Lincoln Parish, under Docket No. 63374. He asserted his innocence and claimed that the prosecuting attorney, Clifford Strider – (a) suborned perjury on the part of Louisiana Fire Inspector Ric Abbot, who, according to plaintiff, testified falsely at a preliminary hearing convened on some unspecified date; (b) coerced probation officer Iris Winston, a bondsman, and other officials into lying in order to keep plaintiff in custody; (c) colluded and conspired to file false public records; (d) tampered with mail sent by plaintiff from

prison to Jessica Carrico, First National Bank, Ruston, Louisiana; and, (e) stole plaintiff's identity by stealing personal property including plaintiff's wallet.

According to plaintiff, years ago he set up a website to expose what he perceived was political corruption in Lincoln Parish involving Strider and others, all of which began when he was falsely convicted of cyberstalking on February 26, 2013.  According to plaintiff, he was supposed to be released on October 29, 2013 but was not.  He further claims that his continued false imprisonment is related to his detention on the arson charge; however, as he points out, he bonded out on those charges and did nothing to violate his bond contract; nevertheless, he remains a "political prisoner."  He concluded by asking for his release from custody and an investigation and then criminal prosecution of Strider. [Doc. 1]

The letter to Judge Stagg was received and filed as a deficient prisoner civil rights complaint and on February 3, 2014, plaintiff was provided a copy of the form provided for prisoners seeking relief under Section 1983; he was also instructed to either pay the full filing fee or submit a properly executed application to proceed *in forma pauperis*. [Doc. 3]

In response to that order plaintiff wrote another letter to Judge Stagg indicating that he was in receipt of the forms provided by the Clerk and that he would resubmit them to the Court upon his eventual release from custody. He also requested the return of documents filed on January 28, 2014. [Doc. 4] The Clerk of Court then sent plaintiff a copy of the docket sheet in order that he might identify the documents requested and further advised that copies of the documents could be provided at a cost of fifty cents per page. [Doc. 5-1]

On March 25, 2014, petitioner wrote a letter addressed to the undersigned indicating that he would attempt to comply with the memorandum order. He also claimed, "... according to

2

hearsay only, by only hearsay that the Sheriff himself received via a mere phone call from my

bail bondsman..." that plaintiff's bond, posted to secure his release on the pending arson charge,

had been rescinded the day prior to his release date on the cyberstalking conviction. [Doc. 5]

On April 14, 2014, plaintiff wrote yet another letter to the undersigned complaining about

conditions and circumstances surrounding his incarceration at the Jackson Parish Detention

Center and explaining that those conditions and circumstances hindered his efforts to resubmit

his complaint on the form provided. He also requested and was provided forms provided to

prisoners seeking *habeas corpus* relief.  [Doc. 6]

On April 24, 2014, he wrote another letter acknowledging receipt of the *habeas* forms

and again asserting his desire to comply with the memorandum order directing him to amend his

complaint and to either pay the filing fee or submit an *in forma pauperis* application. [Doc. 7]

On May 9, 2014, he wrote another letter complaining again about the conditions of

confinement at Jackson Parish Detention Center as grounds for his failure to comply with the

prior amend order. He attached an invoice from the Lincoln Parish Clerk of Court which

indicated that, as regards plaintiff's request for records which prohibited plaintiff's release from

custody,  "no information has been filed with the Lincoln Parish Clerk's Office..." [Doc. 8, p. 2]

He also supplied a letter dated January 2, 2014, to plaintiff from ADA Strider which concludes,

"You have asked for an explanation why you are still incarcerated. As stated above, you are still

incarcerated because your arson bond was revoked by the bondsman or bonding company..."

[Doc. 8, p. 3]

On May 19, 2014, the undersigned, noting that plaintiff had still not cured the

deficiencies identified in the February 3, 2014, memorandum order, ordered the pleadings

3

stricken from the record. [Doc. 10]

In another letter dated May 20, 2014, plaintiff again complained about the conditions of

confinement at the Jackson Parish Detention Center and claimed that these conditions hindered

his efforts to comply with the amend order. [Doc. 11]

On May 22, 2014, plaintiff responded to the May 19 order [Doc. 10] and again asserted

that his inability to comply with the February 3 memorandum order was due to the conditions of

his confinement. He still did not file the appropriate amendments nor did he pay the filing fee or

submit an *ifp* application. [Doc. 12] On May 27, 2014, he wrote another letter requesting the

address of the Clerk of Court for the United States District Court for the Eastern District of

Louisiana. [Doc. 13]

On August 5, 2014, plaintiff filed a *pro se* petition for writ of *habeas corpus* pursuant to

28 U.S.C. §2241 in this Court.  Plaintiff asserted his unlawful confinement and demanded his

immediate release from custody. On September 22, 2014, the undersigned completed initial

review and recommended dismissal of the petition because plaintiff had not exhausted available

State court remedies nor had he demonstrated the absence of same.[1] Plaintiff filed a timely

---

[1] In recommending dismissal of the *habeas* petition, the undersigned observed:

"It does not appear that these pleadings collaterally attack his cyber stalking conviction; indeed, it
appears that petitioner attacks his continued detention on the cyber stalking sentence and his
continued detention awaiting trial on the arson charge. He implies that his continued detention is
in violation of the Constitution and laws of the United States. However,  before he can litigate his
federal Constitutional claims in this Court he must first exhaust available state court remedies, or
demonstrate the absence of such remedies before he can proceed.

It appears from the pleadings and exhibits that he has had no success with his arguments in the
Third Judicial District Court. Be that as it may, before he can invoke the *habeas* jurisdiction of
this Court, he must first invoke the supervisory jurisdiction of the appropriate Court of Appeal
and thereafter, the Louisiana Supreme Court if necessary. Petitioner has neither demonstrated

objection; however, on October 14, 2014, Judge Elizabeth E. Foote adopted the recommendation and ordered dismissal without prejudice of plaintiff's *habeas* petition for failing to exhaust State court remedies. *See Donald Ray Baker v. Clifford Royce Strider, III*, Civil Action No. 3:14-cv-2464 at Docs. 1,  13, and 16 (petition and amended petitions), Doc. 17 (Report and Recommendation), Doc. 19 (Objection) and Doc. 20 (Judgment).

On August 14, 2014, plaintiff wrote to the Clerk of Court requesting copies of page 1 and 10 of his original filing. [Doc. 14] On August 19, 2014, plaintiff submitted the filing fee of $400 and on August 21, 2014, inquired about the status of his case. [Doc. 15] On August 29, 2014, plaintiff was ordered to complete and file the Section 1983 form which had been provided to him within 28 days or suffer dismissal of his civil action. [Doc. 16]

On September 19, 2014, plaintiff then submitted a 19 page complaint along with 68 pages of addenda, 80 pages of exhibits, 20 pages of supplementals and 25 pages of amendments. [Docs. 17 – 17-7]  In the complaint [Doc. 17], plaintiff identified thirteen defendants.[2]

---

exhaustion of state court remedies nor the absence of same and his petition, whether arising under Section 2241 or Section 2254 must be dismissed at this time." Civil Action No. 3:14-cv-2464 at Doc. 17.

[2] In addition to Clifford Royce Strider, III, plaintiff identified the following additional defendants: Wayne Smith, District Judge, Third Judicial District Court, Robert W. Levy, District Attorney, Ronald Lewellyan, Judge *Ad Hoc*, Third Judicial District Court, Eric Brazzell, Inspector, Ruston Fire Department, Ric Abbot, Louisiana State Fire Marshal Investigator, Tony Blake, Lt., Ruston Police Dept., Cary Brown, Assistant District Attorney, Jay McCallum, District Judge, Third Judicial District Court, Forrest Moeble, Public Defender, Lincoln Parish, the Lincoln Parish District Attorney's Office, Mike Stone, Lincoln Parish Sheriff, Scott Brooks, Trooper, Louisiana State Police, Andy Shealy, Assistant District Attorney, Jay Kavanaugh, former Ruston Police Officer, Jim Tuten, Warden, Lincoln Parish Detention Center, James Donelon, Louisiana Insurance Commissioner, the Lincoln Parish Detention Center Commission, Tyrone Jacobs, A&AAAA Bonding Co., Lewis and Gina Jones, Public Defenders, the Third Judicial District Court Judges Office, and, Bobby Jindal, Governor of Louisiana.

Plaintiff referred to his original filing [Doc. 1] to establish his claims for relief and further alleged that he remains "... the victim of false imprisonment." He prayed for his immediate release and for damages of $50,000,000.  Thereafter, in the handwritten pages attached to the complaint he alleged that he was advised that the bond he posted in order to secure his release while awaiting trial on the arson charge was rescinded; he claims that this either did not happen or in the alternative, if it did happen, it was illegal and he is entitled to be released.

He also complained that he was falsely convicted and sentenced in the cyberstalking prosecution under Docket No. 56748 and that false testimony was offered to establish probable cause with respect to the pending arson charges under Docket No. 63374. He concluded by asserting that the trial on the arson charges has been fixed for September 30, 2014. [Doc. 17] In addition, plaintiff attached to his complaint Addenda [Doc. 17-1, 17-2, and 17-3], Exhibits [Doc. 17-4, 17-5, and 17-6], and Supplementals [Doc. 1-7] all of which reiterated in detail his claims of false imprisonment.

On September 23, 2014, plaintiff addressed a letter to the undersigned offering his explanation as to the delay in responding to the amend order and referring to the volume of documents [Docs. 17 – 17-7] submitted and his need to ensure that copies of each document were in his possession prior to submitting the documents. [Doc. 18] On September 26, 2014, the undersigned then rescinded the prior strike order [Doc. 10] and reinstated the case. [Doc. 19]

On October 14, 2014, plaintiff filed a pro se "Motion to be Released from Custody" in which he asserted the following: (1) he attended court on September 29 and 30, 2014, ostensibly for trial on the arson charges lodged under Docket No. 63374; and, (2) that he was advised by his "advisory counsel" that after research on her part, she could discover "no known written

6

validation for my not having been released after serving my six months sentence for

Cyberstalking Case #56748. The release date for that was 10/29/13. I'm now the victim of False

Imprisonment going on one year..."  Plaintiff also alleged "my release is a major demand of this

lawsuit."  He also again asserted his innocence with regard to the pending arson charges, and

concluded by asserting that defendant Strider offered a plea agreement which would result in

plaintiff's conviction for simple arson and his immediate release on "time-served," and, that his

court-appointed attorney, Ms. Gina Jones, had encouraged him to accept the plea bargain

agreement. [Doc. 20]

On October 15, 2014, plaintiff submitted another letter to the Clerk of Court addressed to

Judge Stagg again asserting his innocence of the pending arson charges and again asserting that

he has served the sentence imposed for cyberstalking and has posted bond to secure his release

on the pending arson charges, yet still remains unlawfully incarcerated. [Doc. 21]

On October 16, 2014, plaintiff again corresponded with the Court and again complained

of his continued false imprisonment. He concluded by requesting the cost of obtaining copies of

all of the pleadings and exhibits filed in the instant civil action. [Doc. 22] On the same date the

Clerk sent plaintiff a copy of the docket sheet showing the number of pages filed and advised

him that he could obtain the documents upon payment of fifty cents per page. [Doc. 22-1] On

October 23, 2014, plaintiff again requested "an updated Docket Sheet" and inquired whether any

of the defendants had been served. [Doc. 23]

On October 27, 2014, Attorney Nancy J. Marshall filed a motion on behalf of Judge

McCollum and Judge Smith requesting an extension of time to file an answer. [Doc. 24] On

October 28, 2014, the undersigned denied the motion noting that the pro se case was still under

initial review and no responsive pleadings were necessary at this time. [Doc. 25]

## *Law and Analysis*

### *1. Screening*

Plaintiff has paid the full filing fee, nevertheless, as a prisoner seeking redress from an officer or employee of a governmental entity, plaintiff's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### *2. Plaintiff's Claims for Relief*

Plaintiff's numerous pleadings, supplementals, addenda, and exhibits, in essence allege the following claims for relief:

(1) plaintiff is innocent of the charges that resulted in his conviction for cyberstalking;

(2) plaintiff was falsely arrested and charged with simple arson and is innocent of those pending charges;

(3) plaintiff remains falsely imprisoned having served his sentence for cyberstalking and having posted bond to secure his release on the simple arson charges.

As noted above, plaintiff prays for his immediate release from custody (either as a result of the dismissal of all charges or on the bond previously posted), along with money damages.

### A. Cyberstalking Convictions

On February 26, 2013, plaintiff was found guilty of two counts of cyberstalking following trial by jury in the Third Judicial District Court, Lincoln Parish, in the criminal prosecution assigned Docket No. 56748. Thereafter consecutive sentences of 1 year in jail and 1 year suspended with two years of supervised probation to commence upon his release from jail were imposed. His convictions and sentences were affirmed on direct appeal to the Second Circuit Court of Appeals. *State of Louisiana v. Donald Ray Baker*, 49,175 (La. App. 2 Cir. 8/27/2014), — So.3d —, 2014 WL 4212678.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the United States Supreme Court determined,  "[I]n order to recover damages for allegedly unconstitutional ... imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254."  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at  487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still

9

outstanding." *Id.* at 486, 114 S.Ct. at 2371 ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement ...")

If the court were to grant plaintiff the damages he seeks  under the facts of this case, such ruling would necessarily implicate the validity of his convictions for cyberstalking and the sentences imposed thereon following his convictions.  Accordingly, under *Heck*, plaintiff must demonstrate that his conviction and sentence have  been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996).  Plaintiff has failed to make such a showing. Consequently, his claims for monetary damages against the defendants are "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d 102-103.  (A "claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question.")

### B. Simple Arson Charges

Plaintiff also contends that he is not guilty of the pending simple arson charges and that consequently he was falsely arrested and remains falsely imprisoned on those charges. Since the criminal prosecution for arson remains pending, *Heck* does not yet apply. *See Wallace v. Kato*, 549 U.S. 384 (2007) (The *Heck* rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges.) However, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007) ("If a plaintiff files a false arrest claim

before he has been convicted (<u>or files any other claim related to rulings that will likely be made</u> <u>in a pending or anticipated criminal trial</u>), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended.")

Thus, in accordance with the principals announced in *Heck v. Humphrey,* and *Wallace v. Kato,* plaintiff's wrongful arrest and imprisonment claims as they relate to the ongoing prosecution for simple arson, and, to the extent that plaintiff seeks compensatory damages, must be stayed pending the results of the on-going criminal prosecution.

### C. False Imprisonment

Plaintiff also implies that he is being unlawfully continued in custody because even if guilty of cyberstalking, he has served that sentence, and, regardless of the merits of the pending simple arson charge, plaintiff has posted bond and should thereby be eligible for release on bail. Plaintiff's false imprisonment claim is also barred by the rule in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Heck* also holds that a detainee cannot bring a section 1983 action directly challenging the legality of his confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *Heck*, 114 S.Ct. at 2372; Compare *Thomas v. Pugh*, 9 Fed. Appx. 370 (6th Cir. 2001).

### 3. Habeas Corpus Claims

In addition to seeking monetary damages for the false arrest and false imprisonment claims, plaintiff also seeks dismissal of the pending state criminal charges and his immediate release from custody. Such relief is not available in a civil rights action. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Such relief is available, if at all, in a *habeas corpus* action, and,

11

since in this instance the plaintiff attacks the lawfulness of pending state criminal charges, his

remedy, if any, is afforded by 28 U.S.C. § 2241, which applies to  persons in custody awaiting

trial who have not yet been convicted.  *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998);

*Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352,

98 L.Ed.2d 378 (1987) (Section 2254 applies only to post-trial situations and affords relief to a

petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly

brought under §2241, 'which applies to persons in custody regardless of whether final judgment

has been rendered and regardless of the present status of the case pending against him.');  and

*Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is

properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to

petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a),

which requires that custody be 'pursuant to the judgment of a state court.'")

      As plaintiff must now be aware, with regard to *habeas* petitions filed under 28 U.S.C.

§2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust

state court remedies prior to asserting his  claims in federal court.  However, the jurisprudence

requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before

seeking federal intervention.  *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit

Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v.

Wade*, 686 F.2d at 303,  n. 8 ("Although section 2241 contains no statutory requirement of

exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a

necessary prelude to its invocation.")

      Petitioner seeks  dismissal of the pending charges and his release from custody, and as

shown above, that relief is not available in a civil rights action. Indeed, plaintiff has already filed

an unsuccessful habeas petition and should therefore be aware of the exhaustion requirement.[3] In

other words, to the extent that plaintiff seeks his immediate release from custody, he fails to state

a claim for which relief may be granted pursuant to 42 U.S.C. §1983.

### Conclusion and Recommendation

Based on the foregoing

**IT IS RECOMMENDED THAT** this action – insofar as it seeks monetary damages for

false arrest, imprisonment and prosecution of the pending simple arson charges under Docket No.

63374  –  be **STAYED** under the following conditions:

    **a.   If plaintiff intends to proceed with his claims, within thirty (30) days of**

---

[3] Of course, even if exhaustion were not at issue, it is unlikely that plaintiff would be entitled to *habeas corpus* relief since such relief would necessitate Federal court involvement in an on-going state criminal prosecution.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts must not exercise their jurisdiction in equity to enjoin state criminal prosecutions absent truly extraordinary circumstances. *Id.* at 44. There is a three-prong test for determining whether the *Younger* abstention doctrine is applicable: (1) the dispute must involve an "ongoing state judicial proceeding," (2) an important state interest in the subject matter of the proceeding must be implicated, and (3) the state proceedings must afford an adequate opportunity to raise constitutional challenges. *Wightman v. Tex. Supreme Ct.*, 84 F.3d 188, 189 (5th Cir.1996).  If those factors are satisfied,  then the federal court may only enjoin a pending state criminal court proceeding if: (1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived. *Younger*, 401 U.S. at 49, 91 S.Ct. 746; *Trainor v. Hernandez,* 431 U.S. 434, 446, 97 S.Ct. 1911, 52 L.Ed.2d 486 (1977); *DeSpain v. Johnston*, 731 F.2d 1171, 1180 (5th Cir.1984). Plaintiff's  claims clearly involve an "ongoing state judicial proceeding;" further, the State of Louisiana has an important state interest in the subject matter of the proceeding; and the State of Louisiana affords plaintiff with ample and adequate opportunities to litigate his constitutional challenges.. Simply stated, plaintiff has not alleged any grounds that would warrant federal intervention into this on-going prosecution in the Louisiana court.

the date the criminal proceedings against him have concluded he must file a motion asking the court to lift the stay;

b. If the stay is lifted and the court finds plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under *Heck*; if no such finding is made, the action will proceed at that time, absent some other bar to suit. See *Wallace*, 127 S.Ct. at 1098; and,

c. In light of the stay, plaintiff SHALL NOT FILE ANY ADDITIONAL DOCUMENTS (other than an objection to this Report and Recommendation) in this action until the state court proceedings have concluded; and,

IT IS FURTHER RECOMMENDED THAT this action – insofar as it seeks money damages for false arrest, imprisonment, and prosecution of the cyberstalking charges under Docket No. 56748 – be DISMISSED WITH PREJUDICE as frivolous until such time as plaintiff can demonstrate that he can meet the *Heck v. Humphrey* conditions;

IT IS FURTHER RECOMMENDED THAT this action – insofar as it seeks money damages for false imprisonment based upon plaintiff's assertion that he has completed his cyberstalking sentence and bonded out on the arson charge – be DISMISSED WITH PREJUDICE as frivolous until such time as plaintiff can demonstrate that he can meet the *Heck v. Humphrey* conditions; and,

IT IS FURTHER RECOMMENDED THAT this action – insofar as it seeks the dismissal of the pending criminal charges and plaintiff's immediate release– be DISMISSED for failing to state a claim for which relief may be granted pursuant to Section 1983.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond

14

to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, November 3, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**